IN THE MATTER OF THE PROBATE OF THE WILL OF
MARGARET HANNAH.

*Power of an appellate court, upon an appeal from a surrogate's decree, to receive further testimony—Code of Civil Procedure, sec. 2586—what evidence will not justify it in exercising that power.*

The power conferred upon an appellate court by section 2586 of the Code of Civil Procedure to receive, in its discretion, further testimony or documentary evidence, and to appoint a referee, upon an appeal taken upon the facts from the decree of a surrogate, should be cautiously used.

Pending an appeal taken from a decree of a Surrogate's Court refusing probate of a will, on the ground of the mental incapacity of the testatrix, the appellant moved that the argument be postponed, and that the testimony of certain witnesses be taken under a commission. On the hearing before the surrogate testimony was given by the contestant, who was the only daughter of the testatrix, that there had been little or no correspondence for many year

between the testatrix and certain relatives in Scotland, who were, by the will, made legatees and devisees in case the daughter should die without issue. The evidence which the appellant, who is one of the relatives in Scotland, desired to produce would tend to show that there had been correspondence from time to time between the testatrix and the relatives in Scotland.

*Held,* that the evidence which it was desired to produce was not of such importance as to justify the exercise by the General Term of the power given to it by this section.

APPEAL by James Whitelaw, a legatee named in an instrument purporting to be the last will and testament of Margaret Hannah, from a decree of the Surrogate's Court of Washington refusing to admit said will to probate.

*H. T. Terry,* for the appellant.

*Lyman H. Northup,* for the respondent.

LEARNED, P. J.:

Probate of this will was refused, and an appeal has been taken by one of the legatees. This appellant now moves, under section 2586 of the Code, that the argument be postponed, and that the testimony of certain witnesses be taken under a commission. Probate was refused on the ground of the mental incapacity of the testatrix. On the hearing, among other things, testimony was given by the contestant, who was the only daughter of the testatrix, that there had been little or no correspondence for many years between the testatrix and certain relatives in Scotland, who were to be legatees and devisees in case the daughter of the testatrix should die without issue. The object of this evidence was plainly to indicate some weakness of mind in the testatrix.

Direct evidence was given on the hearing by expert and other testimony tending to show imbecility of mind of the testatrix. The evidence which the appellant (who is one of these relatives in Scotland) now desires to produce would tend to show that there had been correspondence from time to time between the testatrix and her family (including the contestant) and these relatives in Scotland.

It is very plain that the power given in section 2586 should be cautiously used. It practically opens the case and gives a rehearing on new evidence before an appellate tribunal. Of course, if one

side is allowed to introduce new evidence it would seem unjust not to permit the other side to do the same. In the present case, since the only real issue is the competency of the testatrix, if the proposed new evidence bears, as it must be thought to bear, on that point, it would seem necessary, if the appellant's motion were granted, to permit the respondent to give any other evidence bearing on the matter in issue, viz.: the competency of the testatrix. And if the respondents desired to produce witnesses before us, or before a referee, such would seem to be the respondent's right, and it is evident that there would be much difficulty in this.

But again the evidence which it is desired to produce does not seem to be of such importance as to justify our exercise of the power given by this section. Whether the testatrix and her family were or were not in occasional correspondence with her relatives in Scotland has little bearing on her competency. There is nothing strange or unnatural in the will. The daughter of the testatrix had been married some time, and had no children. The testatrix gave a life estate to her daughter, remainder to the daughter's children, if she had any ; if not, to these nephews, etc., in Scotland. Even if it were proved that the testatrix had been very intimate with these relatives in Scotland, such proof would have but very slight weight in showing her testamentary capacity. There was no question of undue influence. On that the degree of intimacy might have had some bearing. If any argument was urged from the terms of the will against the competency of the testatrix, it must have rested on the circumstance that she gave only a life estate to her daughter, instead of a fee. And it would be of little consequence whether the relatives to whom she gave the fee, in case the daughter had no issue, were persons with whom she was intimate or not. They were her relatives, and, if she did not desire that her daughter should have the fee, she would naturally give it to collateral relatives. Whether she knew them well or not is not very material.

Motion denied.

LANDON and WILLIAMS, JJ., concurred.

Motion to take depositions denied.